**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re*: **I.N. and N.N.**

**No. 16-0394** (Mingo County 15-JA-61 & 15-JA-62)

**FILED**

**November 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner B.H., by counsel Susan J. Van Zant, appeals the Circuit Court of Mingo County's April 8, 2016, order terminating petitioner's custodial rights to sixteen-year-old I.N. and ten-year-old N.N.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his custodial rights to the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]According to the record, the circuit court's dispositional order terminated petitioner's "parental rights" to the children. However, petitioner is not the biological father of either child. Both of the children's biological fathers had their parental rights terminated in previous abuse and neglect proceedings. To be clear, petitioner does not meet the definition of a parent under the West Virginia Code. Pursuant to West Virginia Code § 48-1-232, a " 'legal parent' means an individual defined as a parent, by law, on the basis of biological relationship, presumed biological relationship, legal adoption or other recognized grounds." Additionally, we have held that "[t]he phrase 'other recognized grounds' refers to those individuals or entities who have been formally accorded parental status or the functional equivalent thereof by way of statute or judicial decree . . . ." Syl. Pt. 1, *In re Clifford K*, 217 W.Va. 625, 619 S.E.2d 138 (2005). It is clear that petitioner was the custodian of the children. West Virginia Code § 49-1-204 provides that a " '[c]ustodian' means a person who has or shares actual physical possession or care and custody of a child, regardless of whether that person has been granted custody of the child by any contract or agreement." Inasmuch as the context of the circuit court order unequivocally conveys that the circuit court found that it was in the children's best interest for the circuit court to terminate petitioner's custodial rights, and inasmuch as petitioner has not objected to the misnomer, we will refer to petitioner's rights as "custodial rights" throughout the memorandum decision. We affirm the circuit court's April 8, 2016, dispositional order in full.

1

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, the DHHR filed an abuse and neglect petition against petitioner and the mother alleging that they engaged in domestic violence in the children's presence. The petition contained additional allegations that the mother abused illegal drugs, and had a history of substance abuse that affected her ability to parent, and that the children were not properly fed or clothed. Subsequently, the circuit court held a preliminary hearing wherein the mother stipulated to the allegations in the petition. A DHHR worker testified that petitioner reported that he and the mother engaged in domestic violence in the children's presence. According to the testimony, the mother repeatedly hit petitioner with her fist. The DHHR worker also testified that petitioner reported that the mother abused drugs and that he left the children in her care. Based upon the testimony presented, the circuit court removed the children from the home and found that the conditions in the home constituted abuse. The circuit court ordered that the children remain in the DHHR's temporary custody and scheduled the matter for an adjudicatory hearing.

In December of 2015, the circuit court held an adjudicatory hearing wherein it determined, based on the previous testimony, that petitioner and the mother abused the children.[3] The circuit court found that petitioner and the mother engaged in domestic violence in the children's presence. The circuit court also found that petitioner failed to protect and supervise the children. Petitioner moved for and was granted a post-adjudicatory improvement period. The terms of his improvement period included supervised visitation with the children.

In January of 2016, the circuit court held a status hearing wherein petitioner moved for the reinstatement of his "regular contact" with N.N. However, the DHHR's counsel advised the circuit court that N.N. was admitted into Highland Hospital and alleged that petitioner sexually abused her. The DHHR also advised the circuit court that I.N. alleged that petitioner physically abused her. The DHHR further advised the circuit court that the children alleged that petitioner and the mother did not provide them with proper food and clothing. The DHHR indicated that it did not provide petitioner with services as a result of the allegations. Petitioner advised the circuit court that he was willing to take a polygraph examination in regard to the allegations against him. The circuit court determined that, if petitioner "successfully [completed] the polygraph examination and the guardian deemed it appropriate," he could receive services and visitation. At a second status hearing in February of 2016, the DHHR advised the circuit court that petitioner failed the polygraph examination. As a result, the circuit court ordered that petitioner have no further contact with the children based on the above allegations of abuse.

In March of 2016, the circuit court held a dispositional hearing wherein a DHHR worker again testified that the children alleged, in a DHHR interview, that petitioner abused them. The DHHR recommended that the circuit court terminate petitioner's custodial rights based upon the

---

[3]The record indicates that the preliminary hearing order incorrectly referenced the upcoming hearing as the "dispositional hearing." The typographical error was corrected on the record and the hearing proceeded correctly as the adjudicatory hearing.

allegations of physical and sexual abuse. Petitioner testified that he never abused the children, he and N.N. had a strong bond, and I.N. did not "get along" with him. He also testified that it was in the children's best interests to be placed with him. Petitioner admitted that he knew that the mother abused drugs for several years, that it affected her ability to parent, and that he did nothing to protect the children. He also admitted that he and the mother engaged in domestic violence in the children's presence and that the children were not properly fed or clothed. By order entered on April 8, 2016, the circuit court terminated petitioner's custodial rights to the children. In doing so, it found that petitioner failed to properly clothe and feed the children and he knew that the mother abused drugs and did not properly parent the children. The circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. It also found that it was in the children's best interest to terminate petitioner's custodial rights. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court erred in terminating his custodial rights because he corrected the conditions that led to the abuse and it was in N.N.'s best interest to be placed with him.[4] He also argues that the circuit court erred in terminating his custodial rights to N.N. because it was in the child's best interest to be placed with him. In support of his contention, petitioner claims that he lived with the children for eight years, had a strong bond with N.N., and he was the only "father-figure" she

---

[4]Much of petitioner's argument in support of his appeal is based upon his contention that he is N.N's "psychological parent." We have previously held that "[a] psychological parent is a person who, on a continuing day-to-day basis, through interaction, companionship, interplay, and mutuality, fulfills a child's psychological and physical needs for a parent and provides for the child's emotional and financial support . . . ." Syl. Pt. 3, *In re Clifford K*, 217 W.Va. 625, 619 S.E.2d 138 (2005). The record on appeal contains no motion for petitioner to be recognized as a psychological or any order granting petitioner such a status. Even if the circuit court determined that petitioner was deemed a psychological parent the circuit court could have terminated his psychological parental rights based upon the evidence presented. Therefore, it is not necessary for this Court to address his argument to affirm the circuit court's April 8, 2016 order.

ever knew. Petitioner contends that it was, therefore, in the child's best interests to remain in his custody. We do not agree.

Following a review of the record on appeal, it is clear that it was not in the child's best interests to return to petitioner's custody. At the outset, the circuit court attempted to address petitioner's custodial rights and granted him a post-adjudicatory improvement period pursuant to West Virginia Code § 49-4-610(2). He was granted supervised visitation with N.N. because of the professed bond with that child. The visitation was interrupted when N.N. was hospitalized at Highland Hospital. While in treatment for mental health issues, N.N. disclosed that petitioner sexually abused her. Petitioner also admitted that he engaged in domestic violence with the mother in the children's presence, knew that the mother abused drugs, and did not protect the children from the mother's drug abuse. The record on appeal reflects that this was the second abuse and neglect proceeding involving petitioner and the mother and that he was aware for several years that the mother abused drugs. Based upon the evidence, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

It is clear that the conditions of abuse and neglect not only persisted across two proceedings, but actually worsened. Further, the circuit court also found termination was in the best interests of the children based upon petitioner's unwillingness to correct the issues of abuse and neglect. Thus, considering the evidence before it, the circuit court correctly terminated petitioner's custodial rights upon its finding that that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect and that termination was in the children's best interests. In accordance with West Virginia Code § 49-4-604(b)(6), upon such findings, circuit courts are directed to terminate custodial rights.

For the foregoing reasons, we find no error in the circuit court's April 8, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 21, 2016

4

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II